UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA

In re:   Edward Elager Harris, Jr.

                                              Chapter 13
                                              Case No. 18-60756
    Debtor(s)

## AMENDED CHAPTER 13 PLAN COVER SHEET AND NOTICE OF HEARING

The attached plan is an amended plan that replaces the ☒ confirmed or ☐ unconfirmed plan dated April 19, 2018.

The Court shall hold a hearing on confirmation of the attached plan and any timely filed objections on **Thursday, July 22, 2021,** at 9:30 am, Via Zoom before Judge Connelly. The parties shall not appear in person. The Meeting ID for the hearing is 160 581 6800, and may be accessed by using the following link: https://vawb-uscourts-gov.zoomgov.com/j/1605816800. For more instructions on how to access the hearing, please see the Court's website at www.vawb.uscourts.gov.

The following describes the section(s) of the plan being amended, the change in treatment, the affected creditor(s), and the impact of the change:

| Section of Plan | Change in Treatment | Creditor | Impact of Change |
|---|---|---|---|
| 2.1-2.5 | Extending term of plan due to COVID-19, adding funds on hand, and increasing base gross | N/A | N/A |
| 3.3 | Restarting payments based on amounts already disbursed by Trustee | Santander Consumer USA | Restarted payments based on amounts already disbursed by Trustee |
| 4.2 | Adjusting Trustee's Commission | N/A | N/A |
| 4.3 and 8.1A | Adding attorney's fees | N/A | N/A |

| | | | |
|---|---|---|---|
| 5.1 | Slightly increasing payout to GUCs based on claims filed | All GUCs | Slightly increased payout |
| 8.1E | Adding language regarding extension of plan term due to COVID-19 | N/A | N/A |

*/s/ Jerry E. Fennell/*
Jerry E. Fennell, Jr.

*Counsel for the debtor shall file a separate certification of mailing and/or service of the amended chapter 13 plan and this cover sheet, unless the Court orders otherwise.*

**Fill in this information to identify your case:**

Debtor 1: **Edward Elager Harris, Jr.**
First Name   Middle Name   Last Name

Debtor 2:
(Spouse, if filing)   First Name   Middle Name   Last Name

United States Bankruptcy Court for the: **WESTERN DISTRICT OF VIRGINIA**

Case number: 18-60756

(If known)

☒ Check if this is an amended plan, and list below the sections of the plan that have been changed.

**2.1 - 2.5 – Extending term of plan due to COVID-19, adding funds on hand, and increasing base gross**
**3.3 - Restarting payments based on amounts already disbursed by Trustee**
**4.2 – Adjusting Trustee's Commission**
**4.3 and 8.1A – Adding attorney's fees**
**5.1 – Slightly increasing payout to GUCs based on claims filed**
**8.1E – Adding language regarding extension of plan term due to COVID-19**

**Notice: All creditors**

Official Form 113
**Chapter 13 Plan – 1st Amended**

12/17

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☒ Not Included |
| --- | --- | --- | --- |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☒ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☒ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1** Debtor(s) will make regular payments to the trustee as follows:

Debtor    **Edward Elager Harris, Jr.**                              Case number

**$365.00** per **Month** for **30** months beginning **05/30/2021**.

*Insert additional lines if needed.*

> If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2**   **Regular payments to the trustee will be made from future income in the following manner.**

*Check all that apply:*
- ☒ Debtor(s) will make payments pursuant to a payroll deduction order.
- ☐ Debtor(s) will make payments directly to the trustee.
- ☐ Other (specify method of payment):

**2.3 Income tax refunds.**

*Check one.*
- ☒ Debtor(s) will retain any income tax refunds received during the plan term.
- ☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.
- ☐ Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**

*Check one.*
- ☐ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.
- ☒ Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.
  **$11,455.28 funds on hand as of 04/15/2021**

**2.5**   The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is **$22,405.28**.

**Part 3:**   **Treatment of Secured Claims**

**3.1**   **Maintenance of payments and cure of default, if any.**

*Check one.*
- ☒ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2**   **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

- ☒ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3**   **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
- ☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
- ☒ The claims listed below were either:

  (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

  (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

  These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

Debtor   **Edward Elager Harris, Jr.**                            Case number

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| Santander Consumer USA – POC #3 | 2017 Nissan Versa 24000 miles NADA | $12,772.13 | 5.25% | $228.73 x 29 months<br>Disbursed by:<br>☒ Trustee<br>☐ Debtor(s) | $6,555.22 principal and $1,479.81 interest disbursed by Trustee as of 04/28/2021; Trustee to disburse remaining $6,216.91 principal at monthly payment amount for a total of $14,668.20 |

*Insert additional claims as needed.*

**3.4    Lien avoidance.**

*Check one.*
☒    **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5    Surrender of collateral.**

*Check one.*
☒    **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

### Part 4:   Treatment of Fees and Priority Claims

**4.1    General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2    Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **10.00**% of plan payments; and during the plan term, they are estimated to total $**2,240.53**.

**4.3    Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**4,400.00 – See Part 8.1A.**

**4.4    Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
☒    **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5    Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
☒    **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

### Part 5:   Treatment of Nonpriority Unsecured Claims

**5.1    Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*
☐    The sum of $         .

| Debtor | **Edward Elager Harris, Jr.** | Case number | |
|---|---|---|---|

☒    **6.00** % of the total amount of these claims, an estimated payment of $ **1,096.55** .
☐    The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $**0.00**. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2**    **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

     ☒    **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3**    **Other separately classified nonpriority unsecured claims.** *Check one.*

     ☒    **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6: Executory Contracts and Unexpired Leases

**6.1**    **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

     ☒    **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## Part 7: Vesting of Property of the Estate

**7.1**    **Property of the estate will vest in the debtor(s) upon**
*Check the applicable box:*
☒ plan confirmation.
☐ entry of discharge.
☐ other: _____

## Part 8: Nonstandard Plan Provisions

**8.1**    **Check "None" or List Nonstandard Plan Provisions**
     ☐    **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

**A. Attorney's Fees.** Attorney's Fees noted in Paragraph 4.3 shall be approved on the confirmation date unless previously objected to. Said allowed fees shall be paid by the Trustee prior to the commencement of payments required to be made by the Trustee under Paragraphs 3.1, 3.4, 4.4, 5.1, 5.2, 5.3, and 6.1 herein, except that attorney's fees shall be paid pro rata with any distribution to domestic support order claimants under paragraph 4.5. Debtor(s)' attorney will be paid $4,400.00 balance due of the total fee of $4,400.00 concurrently with or prior to the payments to remaining creditors. The $4,400.00 in Debtor(s)' attorney's fees to be paid by the Chapter 13 Trustee are broken down as follows:
(i) $4,000.00: Fees to be approved, or already approved, by the Court at initial plan confirmation;
(ii) $ _____ : Additional pre-confirmation or post-confirmation fees already approved by the Court by separate order or in a previously confirmed modified plan [ECF #    : $    ; ECF #    : $    ];
(iii) $400.00: Additional post-confirmation fees being sought in this modified plan, which fees will be approved when this plan is confirmed.
**B. Deficiency Claims for Surrendered Property.** Any unsecured proof of claim for a deficiency which results from the surrender and liquidation of the collateral noted in paragraph 3.5 of this plan must be filed by the earlier of the following dates or such claim will be forever barred: (1) within 180 days of the date of the first confirmation order confirming a plan which provides for the surrender of said collateral, or (2) within the time period set for the filing of an unsecured deficiency claim as established by any order granting relief from the automatic say with respect to said collateral. Said unsecured proof of claim for a deficiency must include appropriate documentation establishing that the collateral surrendered has been liquidated, and the proceeds applied, in accordance with applicable state law.
**C. Adequate Protection Payments.** The Trustee shall make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 3.2 and/or 3.3 of the Plan, for the following creditors in the following amounts that equal to 1% of the fair market value of the secured personal property: <u>Santander at $100/mo. for 3 months.</u>
**D. Treatment of Claims.** All creditors must timely file a proof of claim to receive payment from the Trustee. If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the plan, the creditor may be treated as unsecured for purposes of distribution under the plan. This paragraph does not limit

Debtor      **Edward Elager Harris, Jr.**                              Case number

the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge. If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the plan. The Trustee may adjust the monthly disbursement as needed to pay an allowed secured claim in full.

E. Extension Due to COVID-19. The term of this amended plan is being extended pursuant to Section 1113(b)(1)(C) which permits such modification in cases where the Debtor is experiencing or has experienced material financial hardship due, directly or indirectly, to COVID-19. Debtor experienced a reduction in income when his employer ceased operations due to COVID-19. As a result, Debtor sought a suspension of plan payments (ECF #19), which was granted by this Court in an Order suspending plan payments (ECF #23). This amended plan extends the plan term to allow for its successful completion.

| Debtor | Edward Elager Harris, Jr. | Case number | 18-60756 |
|---|---|---|---|

## Part 9: Signature(s):

**9.1   Signatures of Debtor(s) and Debtor(s)' Attorney**

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

X  */s/ Edward Harris Jr.*
**Edward Elager Harris, Jr.**
Signature of Debtor 1

Executed on  5/3/21

X  */s/ Jerry E. Fennell Jr.*
**Jerry E. Fennell, Jr., VSB #94748**
Signature of Attorney for Debtor(s)

X  _____
Signature of Debtor 2

Executed on _____

Date  05/11/2021

By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.

Debtor   __Edward Elager Harris, Jr.__   Case number _____

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | Maintenance and cure payments on secured claims *(Part 3, Section 3.1 total)* | $0.00 |
| b. | Modified secured claims *(Part 3, Section 3.2 total)* | $0.00 |
| c. | Secured claims excluded from 11 U.S.C. § 506 *(Part 3, Section 3.3 total)* | $14,668.20 |
| d. | Judicial liens or security interests partially avoided *(Part 3, Section 3.4 total)* | $0.00 |
| e. | Fees and priority claims *(Part 4 total)* | $6,640.53 |
| f. | Nonpriority unsecured claims *(Part 5, Section 5.1, highest stated amount)* | $1,096.55 |
| g. | Maintenance and cure payments on unsecured claims *(Part 5, Section 5.2 total)* | $0.00 |
| h. | Separately classified unsecured claims *(Part 5, Section 5.3 total)* | $0.00 |
| i. | Trustee payments on executory contracts and unexpired leases *(Part 6, Section 6.1 total)* | $0.00 |
| j. | Nonstandard payments *(Part 8, total)* + | $0.00 |
| | Total of lines a through j | $22,405.28 |